# Wytheville

## SOUTHEAST LUMBER EXPORT COMPANY, INCORPORATED v. GALLIE FRIEND.

June 16, 1932.

Present, Campbell, C. J., and Holt, Gregory, Hudgins and Browning, JJ.

The opinion states the case.

*William L. Parker, Charles S. Grant* and *Henry Bowden,* for the appellant.

*W. M. Phipps* and *Burns & Griffith,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant complains of a decree entered against it by the lower court, wherein it is adjudged that appellant is indebted to appellee in the principal sum of $25,000.00.

At the First January rules, 1930, appellee filed his bill of complaint against appellant, Elmer S. Anderson, Henri Isaacsen and others. The material allegations of the bill are, in substance: That appellee is a New York corporation engaged in the manufacture, purchase and sale of timber, logs and lumber, with its principal offices in the city of New York; that, pursuant to the laws of this State, it made application to the State Corporation Commission for, and obtained, a license as a foreign corporation, to engage in business in the State of Virginia; that on or about the first day of October, 1928, Anderson and Isaacsen (officers and agents of the appellant) entered into negotiations with appellee in regard to the purchase by him of certain shares

of the capital stock of appellant; that during the pendency of the negotiations Anderson and Isaacsen represented that the capital stock of the corporation consisted of 672 shares of the par value of $100.00 each, and there was invested in the business of the corporation the sum of $67,200.00, represented by lumber, machinery, equipment, notes, accounts, etc.; that the corporation had a contract with the Virginia National Bank of Norfolk, Virginia, for a line of credit in the sum of $25,000.00, and that the business was being operated upon a sound and profitable basis.

The bill further alleges that, as an added inducement for the investment by the appellee of the sum of $25,000.00 in the stock of the corporation, he was to be employed by the corporation as manager and operator of the lumber yard and warehouse in the purchase and sale of lumber, at a salary of $600.00 per month; that his son-in-law, F. H. Stapleton, was to be employed as a bookkeeper at a salary of $250.00 per month, and that the employment would continue so long as the $25,000.00 was invested in the enterprise; that appellee would receive 200 shares of seven per cent preferred stock of the par value of $100.00; that thereupon, fully relying upon the representations made to him, appellee invested the sum of $25,000.00 in the enterprise and entered upon his duties as general manager; that this relationship continued until the 31st of December, 1929, when, without just cause, appellee and Stapleton were summarily discharged; that appellee immediately offered to return the shares of stock held by him and demanded the return of the amount invested by him in the business, which offer and request were finally rejected.

The bill also alleges that the representations made by the officers and agents of appellant in regard to the outstanding shares of stock of the corporation, and, in particular, as to the solvency of the corporation at the date of the purchase agreement and employment, were untrue. The specific grounds on which appellee sought relief were, that the con-

tract of purchase was secured by fraudulent representations, and that the sale of the stock to him was in violation of the commonly called "blue sky law" [Code 1930, section 3848 (47) *et seq.*].

In addition to the special prayer of the bill that the court decree in favor of appellee on the above grounds, it also contains a prayer for general relief and the issuance of an attachment.

In the answers of appellant, Anderson and Isaacsen, denial is made of the allegations charging fraud and a violation of the Virginia statute relating to the sale of stock by a corporation. In answer to the charge of the bill in regard to the contract of employment, this is stated:

"It is true that this respondent employed the complainant as treasurer at a salary of six hundred ($600.00) dollars per month and likewise employed F. H. Stapleton, son-in-law of the complainant, as bookkeeper at a salary of two hundred and fifty ($250.00) dollars per month; but no representations were made as to the length of time said employment would continue. In truth and in fact said employment of said complainant and his said son-in-law was continued for the whole of the year 1929 at the end of which time it appearing that the corporation had made no profit for said year, and being dissatisfied with the manner in which the said complainant and his said son-in-law discharged their duties, terminated their said employment and said salaries as it had a right to do in accordance with the duty owed by said respondent to its stockholders."

Voluminous depositions were taken, and these are embraced in the record containing 672 pages.

In support of the decree adjudging that the contract did not contravene the provisions of the Virginia securities act, and that it was not procured by fraud, but that appellee was entitled to rescission thereof on the ground that there was a failure of consideration, the learned chancellor filed this memorandum:

"After a careful study of this case I can find no evidence of a violation of the blue sky law. There is nothing in the stock scheme of a nature that brings it within that law, and the fact that the seller of the stock agreed to give the purchaser a salaried position in the company is no more than an added inducement to buy a collateral contract between the parties in no way affecting the nature or quality of the stock itself.

"Nor do I find sufficient evidence of fraud on the part of the defendants in the transaction. The parties were dealing at arm's length and the buyer of the stock was an experienced lumber man. And he and the conductor of the sale on the part of the seller were well known to each other. But in view of the fact that the purchaser of the stock was mainly concerned in obtaining a salaried position and was, under the terms of the sale, to receive, in addition to the shares of stock, a very substantial salary for himself, and also one for his son-in-law, I am of opinion that the failure of this material consideration by the termination by the defendant of complainant's employment, and the consequent ousting of complainant from his salaried position constitutes such a substantial failure of consideration as entitled complainant to a rescission of the entire contract and a return by the defendant company to him of the money paid for the stock.

"While there has been great difference of opinion among the courts of this country (see R. C. L., Vol. 6, pages 926-927) our Supreme Court of Appeals, in the recent case of *Texas Co.* v. *Northup*, 154 Va. 428, 153 S. E. 659, has taken position with the courts that recognize a substantial, although it may not be a total, failure of consideration, may entitle a party to rescind the contract.

"In conclusion I am of opinion that while the blue sky law is not applicable to this case, and that fraudulent misrepresentation has not been established by the extent and character of proof required by our law, yet it is clear, I

think, that it would be almost inequitable for the complainant to be deprived of his salaried position for which he contracted at the time of and as a part of his purchase of the stock and yet not have the money he paid returned to him.

"This disposition of the case, of course, disposes also of complainant's claim to recover attorney's fees. Under our law he cannot recover any attorney's fee except that allowed as part of the regular court costs."

██ Upon the calling of the case in this court, appellee made a motion to dismiss the appeal on the grounds that the exhibits filed with the depositions are not embodied in the record and that the appellant, being a foreign corporation, has failed to file with the Corporation Commission a copy of its amended charter.

Section 6357 of the Code furnishes a complete answer to the first contention. There it is provided: "* * * the original exhibits filed with the evidence taken in the cause instead of being copied into the record may be used at the hearing on appeal with the same effect as in the court below."

No motion was made in this court for the production of any exhibits necessary to a determination of the cause; therefore we take it for granted that appellee conceded that in the 679 pages of the record there is sufficient evidence upon which to reach a conclusion on the merits. Likewise, there is no merit in the second contention, and the motion to dismiss is overruled.

█ It is assigned as error that the right of appellee to recover on the ground of failure of consideration was not pleaded; that, though embraced in the pleadings, the evidence shows that appellant was warranted in discharging appellee; and that, therefore, the court erred in decreeing a judgment against appellant.

After a careful examination of the voluminous record, we are convinced that the finding of the chancellor is correct. Among the charges contained in the bill is this: That the

appellee parted with his money on the express promise of the officers and agents of appellant that he would become an employee of the corporation. After specifically praying for relief upon the ground of fraud, the bill contains a prayer for general relief. The rule is well settled "that if the bill contains charges putting facts in issue that are material, the plaintiff is entitled to the relief which these facts will sustain under the general prayer; * * *." 1 Barton's Chancery Pr. (2d ed.), page 282.

It would serve no useful purpose to enter upon a discussion of the right of an employer to "hire and fire." The real question herein involved is, can the appellant, under the facts disclosed, discharge appellee and retain his $25,000.00? When notified of his discharge, appellee immediately demanded a return of the money invested in the enterprise. It was only after appellant, acting through its officers and agents, failed to secure the amount demanded that any question was raised as to the right of appellee to be reimbursed. To permit appellant to retain all the benefits flowing from the contract of employment while relieving it of any burden, would be inequitable. That a substantial failure of consideration is a well recognized ground for rescission of a contract and recovery of the money paid, is the rule laid down in *Pennok Oil Co.* v. *Roxana Petroleum Co.* (C. C. A.) 289 Fed. 416, 420.

In *Texas Co.* v. *Northup*, 154 Va. 431, 153 S. E. 659, Chief Justice Prentis held that a contract could not be partially terminated by one party so as to take to himself all the substantial benefits of the contract and at the same time repudiate all of its own obligations to the other party.

The decree of the lower court merely places appellee in the class of general creditors of appellant, and if any preference is given, it is only by reason of the attachment proceedings.

We find no error in the decree complained of and it is affirmed.                                                    *Affirmed.*