JOHN LOFTON JOHNSON, ET AL.

V.

BUZZARD ISLAND SHOOTING CLUB, INC., ET AL.

Record No. 831306

September 5, 1986

Present: All the Justices

*W. Scott Street, III (Alfred C. Shackelford, III; Williams, Mullen & Christian, P.C.*, on brief), for appellants.
*Lewis S. Pendleton, Jr.* for appellees.

COCHRAN, J., delivered the opinion of the Court.

John Lofton Johnson, Eunice M. Johnson, Lois A. Johnson, and Harriett A. Hazen (collectively, the Johnsons) filed their bill of complaint on July 2, 1981, against Buzzard Island Shooting Club, Inc. (the Club), and Lewis S. Pendleton, Jr., seeking repeal of a grant of land from the Commonwealth to Pendleton in 1964 and "such further and general relief as the nature of their case may require." The Club and Pendleton filed a special plea of the statute of limitations under Code § 8.01-238.[1] After hearing evidence *ore tenus*, the chancellor ruled that the suit was not instituted within the period of 10 years as required by Code § 8.01-238 and by final decree entered May 11, 1983, dismissed the suit.

The bill of complaint alleged that on October 3, 1963, Pendleton filed in the clerk's office of the trial court a motion to acquire 66 acres of land stated to lie "waste and unappropriated," which included eight acres, more or less, owned by the Johnsons. The motion stated that the land was entirely surrounded by water and there were no adjacent landowners. Pendleton sought to acquire fee simple title from the Commonwealth pursuant to the provi-

---

[1] *§ 8.01-238. To repeal grant.* — A bill in equity to repeal, in whole or in part, any grant of land by the Commonwealth, shall be brought within ten years next after the date of such grant.

sions of former Code § 41-84 (1953),[2] now § 41.1-16, as amended. No notice of the motion was given to the Johnsons. By order entered January 6, 1964, J. J. Jewett was appointed Special Commissioner to convey "all right, title and interest of the Commonwealth" in and to the property. The Special Commissioner executed a deed dated January 7, 1964, conveying the 66 acres to Pendleton. By deed recorded in 1969 Pendleton and his wife conveyed the land to the Club.

The Johnsons continued to lease the eight acres, known as "Johnson's Marsh," to hunters. In 1971 they were informed of Pendleton's claim. When confronted by the Johnsons, Pendleton refused to concede that "Johnson's Marsh" was a part of the Johnsons' farm.

At the hearing in the trial court, the Johnsons presented Charles Townes, a licensed surveyor, who testified that the marsh was part of the Johnsons' farm, the land remaining above the mean low water mark of the Appomattox River.[3] Other witnesses familiar with the property testified that there could be no navigation through the marsh except at high tide.

In his letter opinion dated April 5, 1983, the chancellor acknowledged that the Johnsons "offered persuasive testimony that the land in question has never been an island, but in fact was always connected with the balance of the property of the [Johnsons]," but declined to make a finding of fact because of his opinion that the statute of limitations barred relief of any kind. The chancellor further ruled that there were not sufficient facts to declare the property to be held in trust by the Club and Pendleton for the benefit of the Johnsons.

On appeal, the Johnsons concede that they are barred from having the grant from the Commonwealth repealed by the statute of

---

[2] *§ 41-84. Proceeding by citizen resident; motion and deposit for costs; parties; copy of plat.* — Any citizen, resident of this State, who has reason to believe that there are waste and unappropriated lands in this State . . ., shall have the right to file a proceeding in the name of the county or city in the circuit or corporation court of the county or city in which such land is alleged to lie, seeking the sale and disposition of such land. . . . Each landowner adjoining the tract in question shall be made a party to the proceedings.

He shall file with the motion a copy of a plat prepared by a licensed land surveyor giving the metes and bounds of the land alleged to be waste and unappropriated. A copy of the motion and plat shall be served upon each of the landowners adjoining the tract in question.

[3] Under former Code § 62.1-2 (1973) and predecessor statutes, the boundary of lands lying on navigable rivers extended to the low water mark.

limitations set forth in Code § 8.01-238. Citing *Norfolk* v. *Cooke*, 68 Va. (27 Gratt.) 430 (1876), however, they say the 1964 grant was void because the Commonwealth could not grant title to land it did not own. They argue that the chancellor in effect so acknowledged and that he erred in not considering an alternative form of relief, removal of the cloud on their title that resulted from the void deed, to prevent land from being taken from them without due process of law.

The Club and Pendleton argue, however, that the Johnsons' bill of complaint did not specifically ask the chancellor to remove the cloud on their title but requested only repeal of the grant and further general relief. They say the request for general relief is an insufficient basis for the relief the Johnsons now seek.

At a hearing before the chancellor, counsel for the Johnsons argued that, if the chancellor found the suit to repeal the grant barred by § 8.01-238, he had the authority to grant the alternative relief. Following this hearing, counsel filed a letter memorandum expressly requesting that the chancellor enter a decree confirming the Johnsons' title to the marsh lands. By his final decree, the chancellor ruled as follows:

> The Court finds that whether or not the land in question was a part of the plaintiffs' property at the time of the 1964 special commissioner's deed is not material to any issue raised herein, the Court being precluded from granting to the plaintiffs any relief, including that suggested in the plaintiffs' letter memorandum dated March 26, 1982, which is hereby made a part of the record herein, by the provisions of Section 8.01-238 of the Code of Virginia, the plaintiffs' suit having been commenced more than ten years after the special commissioner's deed.

■ We find no merit in the contention of the Club and Pendleton that the relief sought by the Johnsons, removal of a cloud on their title, was not an issue before the trial court. Rule 2:2, which sets forth certain requirements for a bill of complaint in equity, states:

> It shall be sufficient for the prayer of the bill to ask for the specific relief sought . . . . Without more it will be understood . . . that such other and further and general relief as

the nature of the case may require and to equity may seem meet is prayed for *and may be granted.*

(Emphasis added.) Thus, even where no prayer for general relief is included in the bill of complaint, a court in equity may properly grant appropriate relief not specifically requested.

 It has long been held that, where a party prays for both special and general relief and no relief may be granted under the special prayer, the court may, under the general prayer, grant any proper relief consistent with the case as stated in the bill. *See Woolfolk* v. *Graves,* 113 Va. 182, 197, 69 S.E. 1039, 1045 (1911), *aff'd on rehearing,* 113 Va. 182, 198, 73 S.E. 721 (1912). " '[I]f the bill contains charges putting facts in issue that are material, the plaintiff is entitled to the relief which these facts will sustain under the general prayer . . . .' " *Southeast Lumber Co.* v. *Friend,* 158 Va. 863, 869, 164 S.E. 372, 374 (1932) (citation omitted). The only limitation placed on a grant of general relief is that it not be inconsistent with the case alleged by the bill or the relief specifically sought. *Woolfolk,* 113 Va. at 196, 69 S.E. at 1044-45; *accord Pair* v. *Rook,* 195 Va. 196, 212, 77 S.E.2d 395, 404 (1953); *Winston* v. *Winston,* 144 Va. 848, 856, 130 S.E. 784, 786 (1925); *Steinman* v. *Clinchfield Coal Corp.,* 121 Va. 611, 639-40, 93 S.E. 684, 693 (1917) (it is proper to grant relief implied by prayer for specific relief, even absent prayer for general relief); *see also Layton* v. *Seawall Enterprises, Inc.,* 231 Va. 402, 406, 344 S.E.2d 896, 899 (1986) (decision of irrelevant, unnecessary, and moot issue under general prayer is not proper); *cf. Switzer* v. *Switzer,* 167 Va. 193, 197-98, 188 S.E. 161, 163 (1936) (relief sought under general prayer was outside case stated in bill, and was properly denied).

Adhering to these principles, we find the relief sought under the prayer for general relief, removal of a cloud on title, to be wholly consistent both with the bill and the facts stated therein and with the prayer for specific relief. The Johnsons sought specifically to have an allegedly void deed set aside. If the grant could not be repealed under the applicable statute, they asked for general relief to accomplish the same purpose.

 Even had such relief not been encompassed by the request for general relief, it is clear from the quoted language of the decree that the chancellor, without objection, treated the bill of complaint as amended. Under the Rules, leave to amend is liberally

granted in furtherance of the ends of justice. Rule 1:8. Preferring substance over form, a court in equity "may very properly mold the pleadings so as to ascertain the rights of the parties and thus end the litigation." *Wolford* v. *Williams*, 195 Va. 489, 500, 78 S.E.2d 660, 666 (1953). As amendment of the bill of complaint would have been proper in this case, we find no abuse of discretion in the chancellor's treating the pleading as amended.

The remaining question, then, is whether the chancellor correctly applied Code § 8.01-238 to bar a suit for relief other than repeal of the grant. We hold that he did not.

■ In *Goodwin* v. *M'Cluer*, 44 Va. (3 Gratt.) 291 (1846), this Court made it clear that the 10-year statute of limitations applicable to an action to repeal a grant does not also bar alternative relief available to redress an invalid grant. In that case, the lower court repealed a grant, finding it had been obtained by a false suggestion that the land was waste and unappropriated. *Id.* at 294. This Court found error in the trial court's decree because the suit to repeal the grant was brought more than 10 years following the grant. *Id.* at 295. But the Court nonetheless confirmed title to the property in the party who had sued for repeal of the grant. *Id.* at 298-99; *see also Bradford* v. *Nature Conservancy*, 224 Va. 181, 192, 294 S.E.2d 866, 871 (1982) (Code § 8.01-238 not applicable to declaratory judgment action to determine rights of parties).

■ If, as the Johnsons alleged, they owned the property, the deed from the Commonwealth to Pendleton was void *ab initio*. The Johnsons were given no notice of Pendleton's 1964 action to acquire title to the land which he alleged was "waste and unappropriated." We have construed Code § 8.01-113 and its predecessor, imposing a 12-month limitation period for actions to disturb title of a purchaser at a judicial sale, as not authorizing a court by judicial sale to divest one not a party to the suit of ownership of the property. This statute of limitations cannot successfully be invoked by a purchaser under a void deed. *See Forrer* v. *Brown*, 221 Va. 1098, 1106, 277 S.E.2d 483, 487 (1981); *Mission School* v. *Realty Corporation*, 207 Va. 518, 523, 151 S.E.2d 403, 407 (1966). We similarly hold that Code § 8.01-238 may not be used to defeat a landowner's effort to show that a grant under former Code § 41-84, now § 41.1-16, is void and to have a court of equity confirm his title.

We will reverse the final decree entered in the trial court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*