## CIRCUIT COURT OF CHESTERFIELD COUNTY

Fricker

v.

Fricker

January 23, 1992

Case No. CH90–609

BY JUDGE WILLIAM R. SHELTON

The parties, by counsel, appeared before this Court on November 13, 1991. Counsel for the plaintiff served notice that he would request the entry of a Final Decree. Counsel for the defendant also served notice that she would ask the Court for an award of spousal support, equitable distribution, and attorneys' fees. The plaintiff objected to the request for spousal support, equitable distribution, and attorneys' fees. Both parties argued their respective positions and have provided the Court with written memoranda of law.

This suit is one in which the plaintiff originally filed his Bill of Complaint in May, 1990. Upon proof of legal service, he proceeded to take depositions, and a Final Decree was entered by this Court in July, 1990. Twenty-one days after the entry of the Final Decree, the defendant moved the Court to vacate the Final Decree, and the Final Decree was so vacated. On July 24, 1991, a year later, the plaintiff appeared and requested leave to file a late Answer to the Bill of Complaint. Leave was granted and the Answer was filed on August 6, 1991.

The issue presently before the Court is whether the affirmative relief sought by way of the Answer may be granted in this divorce proceeding. The plaintiff argues that affirmative relief is to be prayed for in a Bill of Complaint or Cross-Bill, not a responsive pleading. He, therefore, asks the Court not to treat the answer as a cross-bill and thereby deny the defendant her requested relief.

The defendant, on the other hand, argues that she has "requested" the relief, and the form in which it is requested is not determinative.

It is within the discretion of the Court to treat an Answer as a Cross-Bill. *Shevil's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 320 S.E.2d 339 (1984); Edwin B. Meade, Lile's Equity and Practice, Section 156 (3rd Ed. 1952). As discussed above, the defendant requested that this court vacate the July, 1990, Final Decree. Thereafter, the defendant filed no responsive pleading for approximately one year. In light of this laxity towards this suit, the Court is not inclined to treat the Answer as a Cross-bill.

In a court of equity, however, it is not absolutely necessary for the defendant to specifically pray for such affirmative relief in a Cross-Bill. *Johnson v. Buzzard Island Shooting Club*, 232 Va. 32, 348 S.E.2d 220 (1986). Virginia Code § 20–107.3 states "[u]pon decreeing the dissolution of a marriage and also upon decreeing a divorce from the bond of matrimony . . . the court, upon request of either party, shall determine the legal title as between the parties . . . ." Va. Code Ann. § 20–107.3 (Supp. 1991). The Court finds that the defendant has sufficiently requested this relief. *Gologanoff v. Gologanoff*, 6 Va. App. 340, 369 S.E.2d 446 (1988). This issue is therefore properly before this Court for adjudication. The Court also takes jurisdiction to hear the issue of spousal support under Virginia Code § 20–107.1. There can be no question that equity abhors a multiplicity of suits. Therefore, since the defendant would otherwise have the right to bring a suit for separate maintenance, *White v. White*, 181 Va. 162, 24 S.E.2d 448 (1943); *Bray v. Landergren*, 161 Va. 699, 706, 172 S.E.2d 927 (1934), this Court is of the opinion that judicial economy mandates that these issues be heard and settled as part of the pending divorce suit.

The Court is also of the opinion that the following schedule should be imposed on the parties. All discovery on all issues germane to these proceedings shall be concluded within forty-five days of this opinion. If it is necessary that this Court consider equitable distribution, the parties should submit a schedule of assets, their value and classification and all evidence pertaining to the 20–107.3 factors within sixty days. At that time, the parties should also submit a draft Final Decree and evidence in support of said Final Decree.