# CIRCUIT COURT OF FAIRFAX COUNTY

Tyson

v.

Tyson

July 29, 1999

Case No. (Chancery) 120450

BY JUDGE MICHAEL P. MCWEENY

## *Child Support*

Mr. Lyden's analysis of Mr. Tyson's income is a logical extension of the limited documents in his possession; however, the result is speculative. Likewise, Mr. Moss' presentation is based upon the statement, "Defendant believes that he will not be working any additional shifts this year." The Court finds the only credible, non-speculative evidence to reflect that Mr. Tyson will earn a figure comparable to that shown in his 1998 W-2. Accordingly, the Court finds his monthly gross income to be $5,432.49.

The work-related child care cost is also in dispute. The testimony of Ms. Kumar was instructive. She set the rates for the boys for $60.00 per week, per child during school and $100.00 per week, per child out of school, which schedule does *not* result in the 1998 calendar year total earnings reported. Thus, the $6,240.00 figure cannot be used as a basis for computation. In addition, dividing 183 days by five is creative accounting but fails to take a "real calendar" approach. Assuming a week each of Winter Break and Spring Break, there are forty weeks during the school year, leaving twelve weeks out of school. Ms. Davis stipulates, however, that seven of the summer weeks for Ian are at a reduced rate of $68.00. Accordingly, the Court finds work-related child care to be $6,976.00 per year, or $581.33 per month.

In the foregoing computation, the Court has not ignored Ms. Kumar's testimony that she receives approximately $50.00 per month for non-work-related child care. In context, however, she said that of the 1998 figure, $50.00 per month could be so applied. There is no evidence that it is included in the fixed weekly charge.

It has been asserted that the children are covered by the mother's health insurance and that the monthly cost is $80.00. Absent any dispute, the Court adopts that assertion.

Lastly, the parties have entered into an agreement incorporated in the Final Decree to share equally all uncovered medical and dental expenses. There are no "extraordinary" expenses to apply to the guidelines.

Applying the foregoing and considering the factors contained in Va. Code § 20-108.1 and the definition in § 20-108.2, the Court finds the presumptive figure for child support to be $1,271.48 per month. There is no basis for deviation.

### Attorney's Fees

The Court finds Ms. Davis to be the prevailing party and finds no basis to grant attorney's fees pursuant to Mr. Tyson's Petition. Ms. Davis now prays for an award of attorney's fees.

Mr. Tyson opposes any award of fees to Ms. Davis based upon a failure to file a pleading containing such a prayer. *Johnson v. Buzzard Island Shooting Club, Inc.*, 232 Va. 32 (1986), is submitted for the proposition that the failure to request attorney's fees is a bar to such an award. *Buzzard Island* analyzes the right to specific relief not pleaded pursuant to a prayer for general relief and finds "even where no prayer for general relief is included in the bill of complaint, a court in equity may properly grant appropriate relief not specifically requested" if it is not inconsistent with the case. *Id.* at 222. This presupposes that there is a pleading and that the pleading requests some form of relief from which other relief can be reasonably requested.

Here, there is no pleading filed by Ms. Davis requesting any relief from Mr. Tyson. While the Court must decide both sides of a custody dispute and both sides of a child support request when they are placed in issue, absent a cross-bill under Rule 2:13 or a cross-motion seeking affirmative relief, the Court has no authority to grant attorney's fees. Any party subject to such a request is entitled to be put on notice, and reference in argument to the "general equity power of the court" would be insufficient to place the controversy before the Chancellor. The prayer is denied.

## Guardian ad Litem Fees

The final issue is that of the fees of the guardian *ad litem*. Ms. Roop has expended a total of 43.2 hours in this case, and the Court finds the hours to be reasonable, appropriate, and necessary. Her services reflect a high standard of care and preparation in the performance of her duties.

A guardian *ad litem* differs from counsel in a case in that her function is to protect her wards and to assist the court, rather than advocate for one of the litigants. In accepting this difficult role, the guardian *ad litem* recognizes that the hourly rate must be one related to the need of the court and the case and that the hourly rate will not be the same as the usual attorney's fee. This case contained many complex issues relating to the children, and the Court sets the hourly rate at $125.00. The guardian *ad litem* is awarded a fee of $5,200.00, which fee shall be paid by the parties by the income share percentage, that is Mr. Tyson shall pay 57.7% ($3,000.00) and Ms. Davis shall pay 42.3% ($2,200.00). This fee must be paid within 120 days of the entry of the Decree, unless other arrangements are made with Ms. Roop.