COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


CAROL LYNN NORTHCUTT
                                            OPINION BY
v.    Record No. 3325-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        NOVEMBER 19, 2002
JACKEY RAY NORTHCUTT


            FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
             Charles H. Smith, Jr., Judge Designate[1]

          Dennis E. Jones (Dennis E. Jones &
          Associates, P.C., on brief), for appellant.

          Felicia H. de Courcy (James R. Henderson, IV;
          Henderson and de Courcy, on brief), for
          appellee.


     Carol Lynn Northcutt ("wife") contends that the trial court

erred by failing to (1) award her permanent spousal support; (2)

order recoupment of marital assets Jackey Ray Northcutt

("husband") used for his sole benefit; and (3) abused its

discretion in awarding husband attorney's fees.  Finding no error,

we affirm.

     The parties were married on January 29, 1966 and separated on

March 27, 1998.  Two children were born during the marriage, both

of whom were emancipated at the time wife filed her bill of

complaint for divorce.  Wife sought permanent spousal support and

_____
     [1] The trial judge was Judge Donald R. Mullins; however,
Judge Charles H. Smith entered the final decree.

equitable distribution of the marital property.  Husband filed a cross-bill of complaint for divorce, also seeking equitable distribution of the marital property.  The trial court entered a final decree of divorce on July 30, 1999 and reserved ruling on support and equitable distribution.  By final order entered November 5, 2001 the trial court denied both parties spousal support, required an equal distribution of marital property and obligations, and awarded husband $1,500 in attorney's fees.  Wife appealed.

On appeal, we construe the evidence in the light most favorable to husband, the prevailing party below, granting to his evidence all reasonable inferences fairly deducible therefrom.  Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

## I.  SPOUSAL SUPPORT

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court."  Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).  "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'"  Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d

-

792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

The trial court denied both parties spousal support "[i]n light of the equal division of marital property and of the equivalent assets and the earning capability of each party . . . ." Wife argues that the trial court abused its discretion in failing to consider all the statutory factors. Specifically, wife maintains that her earning capacity was limited by her failing physical and mental health while husband had unlimited earning capacity. The record does not support such a conclusion. At the evidentiary hearing, both parties put on evidence encompassing the statutory factors to be considered by the trial court. In its final decree, the trial court specifically noted that it had considered the requisite statutory factors.

Wife and her doctor testified that she had a thyroid condition that required medication. However, as long as she took the medication, there were no deleterious health consequences. Wife was also taking Prozac for depression. Neither wife nor her doctor testified that these conditions prevented her from working. Viewing this evidence in the light most favorable to husband, there was no evidence that wife's earning capacity was significantly different from husband's.

The evidence also proved that from 1985 to 1995 wife was employed in a clerical position. Wife voluntarily left her

-

employment in October 1995 because she "couldn't deal with the pressure that job caused" her.  Wife declined subsequent job offers because she wanted to spend time at the parties' vacation home in Florida and did not want the pressure of a full-time job.  At the time of the hearing, wife was not employed and had not worked since December 2000.

Husband was 55 years old and earned $250 per week working as the manager of a convenience store.  Husband also received $400 per month in rent.  Husband had managed the family trailer park business since 1989, and his income during these years was approximately $10,000 per annum.  The family business was sold as part of the divorce, and the net proceeds from the sale were divided equally between husband and wife.  The parties had significant debt throughout the marriage.

The trial court concluded that wife's earning capacity was equal to that of husband's.  Credible evidence in the record supports this finding, and the trial court did not abuse its discretion in failing to award wife spousal support.[2]

## II.  EQUITABLE DISTRIBUTION:  WASTE

Next, wife argues that the trial court erred in failing to allow her to recoup marital assets she alleges husband used for his sole benefit.  Again, the record does not support wife's position.

_____

[2] Neither party requested a reservation of spousal support; thus, that issue is not before us.

-

Waste of marital assets is a matter for equitable distribution.

> [I]n order to alter the evaluation for an equitable distribution award under Code § 20-107.3(E)(5), there must be a showing of use of the marital property for the benefit of one spouse and for purposes unrelated to the marriage in anticipation of divorce or separation and at a time when the marriage is in jeopardy.

O'Loughlin v. O'Loughlin, 20 Va. App. 522, 526, 458 S.E.2d 323, 325 (1995) (emphasis added) (citing Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988)). "A decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26-27, 520 S.E.2d 842, 844 (1999) (citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)).

At issue are the proceeds from a business loan of approximately $60,000 and the sale of unimproved property in Florida.[3] Wife contends that the trial court's order that required an equal division of the liabilities caused a diminution in her share of the marital assets because she did not realize any benefit from the business loan. Additionally,

---

[3] Husband conceded that the Florida property was marital property.

-

she argues she should have been allocated one-half of the proceeds from the sale of the Florida property.

The trial court heard extensive evidence regarding the business, business loans and tax liabilities. Husband originally sought the trial court's permission to sell the family business in July 1999 because it was losing money. At the time of separation, there was a loan of approximately $30,000, as well as other liabilities. Husband testified that he borrowed an additional $30,000 and rolled the existing loan into the new loan. Thus, there was $30,000 in new debt. Husband used the loan proceeds to pay regular business operating expenses. Additionally, husband provided the trial court with an accounting of the business expenses. The record supports husband's contention that he attempted to preserve the marital estate.

In contrast, the evidence showed that wife's actions exacerbated the parties' financial problems. Wife delayed the sale of the family business for more than nine months, and it took a court order to finally effectuate the sale.[4] In the interim, interest on the business debts continued to accrue.

---

[4] Husband requested court approval for the sale of the business in July 1999 and had identified a buyer willing to pay $600,000 for the business. Wife, however, insisted that the business should be sold at auction. The court ordered a sale by auction as she requested. However, wife never completed the procedures necessary for this type of sale. Instead, she eventually agreed to the private sale in February 2000 but did not complete the necessary paperwork until April 2000.

-

Similarly, wife refused to return a leased vehicle timely, thereby causing husband to incur penalties. Wife also conceded that she had contributed nothing to running the family business post-separation and that husband did all the work. Finally, wife admitted that she did not make all the marital property available for auction, notwithstanding a court order requiring her to do so. Husband valued the wrongfully retained property at $5,895.

Wife also complains that there was no accounting of the proceeds of the sale of the Florida property. Husband prepared and submitted an accounting to the trial court and to wife. Wife argues that husband's expenditures from the proceeds of the sale were for his sole benefit, including payments of temporary spousal support, and that she is therefore entitled to a credit.

The trial court examined the evidence presented, including the testimony of two accountants, and declined to make a finding of waste. "We have held that the use of funds for living expenses, medical bills and other necessities of life while the parties are separated does not constitute dissipation." Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992). Here, the evidence showed that husband used the funds to pay spousal support, the lease on wife's car, medical insurance for the parties, personal property taxes on marital property and the daughter's college tuition. Credible evidence supports the trial court's finding that husband did not commit waste.

-

## III.  ATTORNEY'S FEE AWARD

"An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  "The key to a proper award of counsel fees is reasonableness under all the circumstances."  Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)).  Wife contends that the trial court abused its discretion in awarding husband $1,500 in attorney's fees because wife caused "unnecessary litigation."

The parties were before the trial court on July 30, 1999 for a full hearing on the merits.  At that hearing, wife requested additional time to prepare appraisals of the family business and present them to the court.  The trial court awarded the divorce and rescheduled the support and equitable distribution hearing for August 24, 1999 to allow wife time for her appraisals.  When the parties reconvened on August 24, 1999, wife insisted that the business be auctioned rather than sold at private sale because she felt an auction would secure a higher sales price.  Although it required wife to assume the risk of any price below $600,000, the trial court allowed wife to proceed as she requested and ordered sale by auction no later than October 1999.  Wife did not complete the auction procedures.

-

Husband then scheduled a final hearing for January 5, 2000. At wife's request, this hearing was rescheduled to February 23, 2000. Finally, on February 23, 2000 wife agreed to the private sale for a purchase price of $600,000. The trial court approved the sale and ordered that the parties "execute promptly all such documentation such that this sale may be completed as soon as possible." Nevertheless, wife did not execute the deed until compelled to do so at a subsequent court appearance on April 11, 2000.

There were similar delays in proceeding to final distribution because wife did not promptly pursue discovery. The trial court granted several continuances at wife's request, and she still failed to produce an accounting. As the trial court stated at the end of the equitable distribution and support hearing, "I'm fed up with this case and the delays that have been occasioned so unnecessarily, and some of the delays . . . have created a decrease in [the] value of the property of the marriage. This has been horrible." Under these circumstances, the award of a part of husband's attorney's fees was reasonable. Thus, the trial court did not abuse its discretion in awarding husband attorney's fees.

IV. AWARD OF ATTORNEY'S FEES FOR APPEAL

Husband requested costs and an additional sum of attorney's fees for matters relating to this appeal. Upon consideration of the entire record in this case, we hold that husband is entitled

-

to a reasonable amount of attorney's fees incurred in this appeal.  Accordingly, we remand for an award of attorney's fees incurred in this appeal, which should also include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>