COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


ROBERT C. JONES, SR.

                                                  MEMORANDUM OPINION*
v.        Record No. 0733-04-2                        PER CURIAM
                                                  SEPTEMBER 28, 2004
MITTIE JONES JONES


                FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                          Robert G. O'Hara, Jr., Judge

            (Jerry E. Waldrop; Waldrop Law Office, PLLC, on brief), for
            appellant.

            (Joseph E. Whitby, Jr.; Outten, Barrett & Whitby, P.C., on brief), for
            appellee.


        Robert C. Jones, Sr. appeals from the circuit court's March 2, 2004 final decree awarding

his wife, Mittie Jones Jones, a divorce.  On appeal, husband contends the trial court erred by (1) not

finding he "proved fault divorce grounds with sufficient evidence," (2) awarding wife custody of the

parties' children, (3) failing to consider "fault grounds" in its equitable distribution award and

custody decision, (4) considering "future use of the marital home by wife and parties' children" for

equitable distribution purposes, (5) assigning an incorrect value to the payments the parties received

from their homeowner's insurance company and mortgagee, (6) failing to assign "a specific, definite

value to the marital residence for equitable distribution purposes," (7) awarding wife a "grossly

disproportionate" share of the parties' assets, (8) failing to award him spousal support from wife,

and (9) failing to award him attorney's fees.  Husband also asserts "the amount of the appeal bond

and specifics and conditions of same set by the trial court was excessive" and that he should be

--------
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

awarded attorney's fees and costs in connection with this appeal. Wife also contends she "should be awarded her attorney's fees and costs of litigation for the trial of this matter and defense of this appeal."

Upon reviewing the record and briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## I.

Husband alleged four fault grounds for divorce (desertion, adultery, sodomy, and cruelty) and asserts he "proved fault divorce grounds with sufficient evidence." Husband argued wife engaged in extra-marital sexual relationships with two female prison inmates. However, in his brief, husband concedes that "[p]roof of the adultery ground on the part of wife does not appear sufficient."

At trial, husband testified he discovered a post office box used by wife under an alias to communicate with the two women. Other witnesses testified that they saw wife in the company of the women. One of the parties' children testified that one of the women had spent the night in wife's residence on more than one occasion. At trial, he asserted that "the formation of these relationships . . . in essence, amounted to a desertion of the marital relationship . . ." and he maintains that wife's relationships with the women undermined the marriage. Husband argues that the evidence of the post office box, the fact that wife had been seen with the women, "coupled with wife's evasiveness in testifying through constant reliance on the Fifth Amendment privilege against self-incrimination, amount to sufficient proof of the sodomy fault ground of divorce . . . ."

"The law requires corroboration in order to prove any ground of divorce. See Code § 20-99." Alphin v. Alphin, 15 Va. App. 395, 400, 424 S.E.2d 572, 574 (1992). It is clear from the record that the husband did not adequately corroborate his allegations. Moreover, even

where dual grounds for divorce exist, the trial judge "can use his sound discretion to select the appropriate grounds upon which he will grant the divorce." Zinkhan v. Zinkhan, 2 Va. App. 200, 210, 342 S.E.2d 658, 663 (1986). The trial judge is not "compelled 'to give precedence to one proven ground of divorce over another.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted).

The evidence established that the parties lived separate and apart for more than one year. Therefore, the trial judge's decision was supported by substantial, credible and competent evidence. We cannot say the trial judge abused his discretion in granting a divorce on no-fault grounds rather than on the basis of wife's alleged sodomy, cruelty, or desertion.

II.

Husband asserts "error was made in awarding wife custody of the parties' children in light of the evidence presented." The evidence established, however, that husband visited the children only sporadically following the parties' separation. He saw them five to ten times in a three-year period, failed to regularly contact them at holidays or their birthdays, and had accumulated a child support arrearage of over $8,000. Husband testified that "circumstances surrounding" the parties' separation "made [him] not want to pay child support." Witness testimony established wife was a "fine mother."

We have consistently applied the following principle:

> A trial court is not required to quantify or elaborate on what weight or consideration it has given to each of the factors in Code § 20-124.3 or to weigh each factor equally. It is vested with broad discretion to safeguard and promote the child's interests, and its decision will not be reversed unless plainly wrong or without evidence to support it.

Roberts v. Roberts, 41 Va. App. 513, 526, 586 S.E.2d 290, 296 (2003) (citations omitted).

The record demonstrates that the trial court carefully weighed the evidence, considered the factors set forth in Code § 20-124.3, as required by Code § 20-124.2, and made extensive

findings focusing on the best interests and welfare of the children. Emphasizing mother's cooperativeness, demonstrated ability to care for the children, and father's apparent inability or unwillingness to support his children, the trial judge found "the court would be remiss if it would realistically consider that the custody of the children be entrusted to" father. The judge concluded it was in the children's best interests to remain in mother's custody. Therefore, we find no abuse of discretion in the court's custody determination.

III. - VII.

In making an equitable distribution award, "the [trial] court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Gottlieb v. Gottlieb, 19 Va. App. 77, 93, 448 S.E.2d 666, 676 (1994).

> "Fashioning an equitable distribution award lies within the sound discretion of the trial judge[,] and that award will not be set aside unless it is plainly wrong or without evidence to support it." "Virginia law does not establish a presumption of equal distribution of marital assets." Because the trial court considered the factors set out in Code § 20-107.3(E), and the evidence supports its conclusions, we will not disturb its equitable distribution award merely because it is unequal.

Watts v. Watts, 40 Va. App. 685, 702, 581 S.E.2d 224, 233 (2003) (citations omitted).

The parties acquired their marital residence in November 1981 with joint funds, but it was originally titled solely in wife's name. In 1987 the residence was jointly titled. The house and its contents were completely destroyed by fire on April 16, 2001. The debt secured by the house was paid off with insurance proceeds and wife, who maintained the homeowner's insurance after the parties' separation, received the balance of the amounts due for the structure. She also received relocation expenses from the insurance company. A check for $26,500 from the insurance company for the contents of the house was escrowed by wife's attorney.

Through a government program for community improvement, the parties' residence was reconstructed. The parties must inhabit the residence for a period of ten years following

construction, in order not to forfeit approximately $34,000 in government assistance.  The property is assessed by Brunswick County for taxation purposes at $46,000.

In considering the award of the marital residence to wife, the trial judge found that wife had "made the greatest and most substantial contribution, both monetary and non-monetary, to the well-being of the family," that wife's efforts had led to the reestablishment of the residence following the fire, and that husband's moving out of the family home had greatly contributed to the dissolution of the marriage.  Based upon these and other factors, the court awarded the residence to wife.  Although the court noted "that wife should have the home as . . . her asset to provide a home for she and the children," the court emphasized it based the award on "all those factors [previously enunciated] and the evidence . . . ."

The court considered "the liquid and nonliquid character of the marital property" which included an assessment of the "amount of monetary awards and the apportional marital debt . . . ."  It appears from the record the court considered the evidence concerning the insurance proceeds which were used to reestablish the marital residence and, though not announcing a specific value for the marital residence, concluded wife was entitled to an award of the home.  Wife testified the residence was assessed at $46,000.  Husband asserted it "appraised for at least $60,000."  However, husband admitted he had not seen the house since it had been reconstructed, did not know how many bedrooms it had, and he presented no other evidence regarding the value of the residence.  The court divided the remaining insurance proceeds which were held in escrow, awarding each party fifty percent of the total sum.  The court properly considered the pertinent factors.  Therefore, we find no abuse of discretion in its equitable distribution ruling.

VIII.

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)). "In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App. 401, 419, 551 S.E.2d 10, 19 (2001). Its findings "must have some foundation based on the evidence presented." Id.; see Northcutt, 39 Va. App. at 197, 571 S.E.2d at 914.

Husband asked for spousal support in his initial pleading but did not argue the issue at trial. In a motion to reconsider, he cited as error the court's failure to award him spousal support. The court, after noting "[t]he motion and the evidence in this case [had] been considered," denied the motion. The record contains ample evidence supporting the court's denial of husband's request for spousal support. The court focused on husband's lack of contributions to the well-being of the family, the fact that "husband contributed greatly to the dissolution of the marriage," and the observation that neither party has a "physical or mental condition that . . . affects their ability in any way." We conclude that the trial court did not abuse its discretion in denying husband spousal support.

IX.

We are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Under the instant circumstances, we cannot conclude that the trial court abused its discretion in denying husband's request for attorney's fees.

X.

Husband further complains that the trial court abused its discretion in setting a bond higher than the $500 cited in Code § 8.01-676.1(a). However, that subsection states, in part: "A party filing a notice of an appeal of right to the Court of Appeals shall simultaneously file an appeal bond or irrevocable letter of credit in the penalty of $500, *or such sum as the trial court may require*." Code § 8.01-676.1(a) (emphasis added). The trial court initially set the bond at $30,000 and later advised that, because the proposed security for the appeal bond was real property, the property must have a value of $60,000. Husband provides no legal basis on which to complain of the bond amount. The statute authorizes the trial court to set an amount, as it requires. Therefore, we find no abuse of discretion by the trial court.

XI.

Both parties request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Because we hold that the appeal lacks merit, we grant wife's request for costs and remand to the trial judge to assess a reasonable attorney's fee in favor of wife.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.