COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


JAMIE RENEE FERRELL HOLLAND

                                                    MEMORANDUM OPINION*
v.       Record No. 1231-04-3                          PER CURIAM
                                                     DECEMBER 7, 2004
JON ANDREW HOLLAND


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                         Charles N. Dorsey, Judge

        (Easter P. Moses, on briefs), for appellant.

        (J. Emmette Pilgreen, IV; Lutins & Pilgreen, P.C., on brief), for
        appellee.


        Jamie Renee Ferrell Holland appeals from the trial court's April 26, 2004 final decree

awarding Jon Andrew Holland, her husband, a divorce.  On appeal, wife contends the trial court

erred by (1) failing to award her "spousal support in periodic payments for an undefined duration,"

(2) awarding her "an inadequate amount of spousal support in light of [] Code § 20-107.1," and (3)

failing to award her attorney's fees and costs.  Both parties seek attorney's fees and costs incurred in

connection with this appeal.  Upon reviewing the record and briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.[1]  See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We also deny husband's motion to dismiss wife's appeal.  Husband asserts the April 26, 2004 decree of divorce is not final because it states "and this cause shall be ended 120 days from this date to permit the parties to submit QDROS."  The April 26, 2004 order divides the retirement and pension funds and retains jurisdiction of the case merely to enter the QDRO.  It was a final and appealable order.  See Rule 1:1; Daniels v. Truck & Equip. Corp., 205 Va. 579, 585 139 S.E.2d 31, 35 (1964).

## Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties married on November 20, 1990 and separated on or about August 2, 2002. Two children were born of the marriage, both remain minors. Though both parties sought a divorce on fault grounds, the trial court granted a divorce *a vinculo matrimonii* on the grounds of a continuous and uninterrupted separation in excess of one year.

The evidence established husband's monthly income from employment was $6,200 and wife's was $813. The court found "that the parties had a comfortable, but not exorbitant, standard of living." Both parties made non-monetary contributions to the well-being of the family during the marriage. The monetary contributions were primarily made by husband, as the parties had agreed that wife would remain at home to care for the children while they were young. Wife resumed employment in 1998 and contributed financially to the marriage since that time. The marital assets included the marital home, a retirement plan, and two pension plans. The net equity in the property was $34,462.27, which the court divided equally between the parties. The court also equally divided the marital share of the retirement and pension plans.

## Support

"After considering all elements enumerated in Virginia Code § 20-107.1, on which evidence was introduced," the trial court ordered husband to pay wife $700 monthly support for a defined duration of six years.

Wife contends the trial court failed to award her an adequate amount of support and abused its discretion by ordering the support for a defined duration rather than permanently.

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App. 401, 419, 551 S.E.2d 10, 19 (2001). Although its findings "must have some foundation based on the evidence presented," id., "'[w]hether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

The record reveals the trial court carefully considered all the evidence and the statutory factors. The evidence supports husband's challenge of wife's computation of her monthly expenses. Although husband earns significantly more than wife and made the majority of the monetary contributions to the family, the court noted husband also provided an equal share of the non-monetary contributions, that wife was healthy and able to work, that no special circumstances exist, and that the parties led a comfortable, but not an "exorbitant" lifestyle. We conclude that the trial court did not abuse its discretion in its spousal support award.

### Attorney's Fees

In reviewing wife's contention that the trial court erred by failing to award her attorney's fees, we are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Under the instant

circumstances, we cannot conclude that the trial court abused its discretion in denying wife's request.

Both parties also request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that neither party is entitled to costs or attorney's fees in the matter.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.