COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Haley


JAMES U. KINCAID

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0152-05-2                              PER CURIAM
                                                        JUNE 28, 2005
KATHERINE B. KINCAID


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        Catherine C. Hammond, Judge

            (Michael S. Ewing; Batzli Wood & Stiles PC, on briefs), for
            appellant.

            (Barbara S. Picard; Cawthorn, Picard & Rowe, P.C., on brief), for
            appellee.


        James U. Kincaid, husband, appeals a decision of the trial court awarding spousal support to

Katherine B. Kincaid, wife, arguing that the trial court failed to give appropriate consideration to the

circumstances and factors which contributed to the dissolution of the marriage.  Husband also

appeals the trial court's ruling regarding the equitable distribution award, arguing the trial court

failed to consider the factors set forth in Code § 20-107.3(E).  Upon reviewing the record and briefs,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                    Background

        On appeal, we view the evidence and all reasonable inferences in the light most favorable to

appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d

344, 346 (1990).

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married in 1984 and separated in 2003. Four children were born of the marriage. Husband has a college education and earns $90,300 per year. The monetary contributions to the family were primarily made by husband, as the parties had agreed that wife would remain at home to care for the children while they were young. Wife has recently obtained employment and earns $14,000 per year. Both parties made non-monetary contributions to the well-being of the family during the marriage.

The marital assets included the marital home, several vehicles, two retirement plans, a pension plan, stock, and a 2003 federal income tax refund. Both parties alleged the conduct of the other party contributed to the deterioration of the marriage. The trial court stated in its opinion letter, "In a marriage of this nature and duration it is not possible to measure precisely the positive and negative contributions of each spouse to the well being of the family." The trial court divided the marital estate equally, stating that it considered all of the factors of Code § 20-107.3. The court also equally divided the marital share of the retirement and pension plans.

Husband opposed an award of spousal support to wife, arguing that her admitted adulterous affair and other misconduct contributed to the dissolution of the marriage. However, the trial court found "there was conflict in the evidence about each person's actions and reactions, and the significance of each person's part. The length of time they continued to live together after the adultery makes it difficult to assign weight to its effect on the eventual separation." In addition, the trial court found that husband has greater earning capacity than wife since wife was out of the job market for a number of years while acting as a homemaker, which benefited both parties. The trial court stated that it considered the factors listed in Code § 20-107.1 along with the evidence presented, and it awarded wife $1,000 per month in spousal support.

<u>Analysis</u>

The equitable distribution of the parties' property is governed by Code § 20-107.3. "In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E)." <u>Theismann v. Theismann</u>, 22 Va. App. 557, 564, 471 S.E.2d 809, 812, <u>aff'd on reh'g en banc</u>, 23 Va. App. 697, 479 S.E.2d 534 (1996). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." <u>Srinivasan v. Srinivasan</u>, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

Husband contends the trial court abused its discretion by failing to award him 65% of the marital estate because wife committed adultery and made other negative non-monetary contributions to the well-being of the family. He also asserts that wife's sustained illness, which lasted about three years, led to the breakdown of the marriage and that the trial court failed to give that fact appropriate consideration when making the equitable distribution award.

However, the evidence showed that both parties made allegations of marital misconduct and negative contributions leading to the dissolution of the marriage. In addition, the trial court stated that it considered the factors set out in Code § 20-107.3, including wife's illness, wife's adulterous behavior and the parties' reconciliation thereafter, wife's non-monetary contributions to the marriage, and other specific acts of alleged misconduct by both parties. Based on the evidence presented, the trial court concluded that "it was not possible to measure precisely the positive and negative contributions of each spouse to the well being of the family." Therefore, the court divided the marital estate equally. We cannot say that "it appears from the record that the trial [court] has abused [it]s discretion, that [it] has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [it]s resolution of the conflict in

the equities, the equitable distribution award . . . ." Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990). Accordingly, we affirm the equitable distribution award.

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App. 401, 419, 551 S.E.2d 10, 19 (2001). Although its findings "must have some foundation based on the evidence presented," id., "'[w]hether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (citation omitted). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (citation omitted).

The record reveals the trial court carefully considered all the evidence and the statutory factors of Code § 20-107.1. Both parties made non-monetary contributions to the family during the nineteen-year marriage. Although wife had a prolonged illness between 1998 and early 2001 which limited her non-monetary contributions to the family for that period of time, the trial court found that for most of the marriage wife performed domestic duties and was a caregiver to the children and husband. Wife was a homemaker throughout most of the marriage, but she has now obtained employment at an annual salary of $14,000. Husband has a college education and has an annual income that is more than six times wife's annual income. In addition, he made the majority of the monetary contributions to the family during the marriage. Furthermore, although wife admitted to having a brief adulterous relationship during the marriage, the evidence showed that husband forgave wife for this conduct and the parties reconciled after husband learned of the relationship. Moreover, the evidence showed that both parties contributed to the instances of marital conflict

- 4 -

eventually resulting in the dissolution of the marriage. Therefore, the trial court did not abuse its

discretion in its spousal support award.

Both parties request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration

of the entire record, we find that the wife should be compensated for the reasonable costs and fees

incurred in defending this appeal. We, therefore, remand this case to the trial court solely for a

determination of those costs and fees.

For the foregoing reasons, we affirm the judgment of the trial court and remand for further

proceedings consistent with this opinion.

Affirmed and remanded.