COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


JANA SHEPHERD PAUGH

                                                    MEMORANDUM OPINION*
v.        Record No. 2380-05-4                         PER CURIAM
                                                        MAY 16, 2006
WAYNE BRUCE PAUGH


               FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Benjamin N. A. Kendrick, Judge

           (Jana Shepherd Paugh, *pro se*, on briefs).

           (Rebecca R. Masri, on brief), for appellee.


        Jana Shepherd Paugh (wife) appeals from the circuit court's September 1, 2005 final decree

granting Wayne Bruce Paugh (husband) a divorce.  On appeal, wife contends the trial court erred by

(1) failing to invalidate the parties' separation agreement as unconscionable, (2) failing to advise her

"as to adverse legal and procedural consequences for her divorce action if she consented to the late

filing of the cross bill of complaint filed by" husband, (3) and granting husband a final decree of

divorce and dismissing her amended bill of complaint seeking a divorce without her having received

notice of the hearing.  She also contends "this proceeding should be reopened and remanded on the

basis of newly discovered evidence showing infidelity and adultery by [husband] during the

marriage."  Husband argues the trial court erred by failing to grant him attorney's fees.  He also

seeks attorney's fees and costs associated with this appeal.  Upon reviewing the record and briefs,

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

we conclude that this appeal is without merit.[1]  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

So viewed, the evidence proved the parties married on August 21, 2004 and separated on January 13, 2005.  On January 14, 2005, the parties entered into a marital separation and property settlement agreement.  The agreement notes husband owned the marital residence, that wife agreed husband shall retain all furniture remaining at the residence, excepting those already removed by wife, and that each party agreed to pay their respective debts.  Husband presented the agreement to wife, read her each passage, and wife signed the document and initialed each page.  She made minor changes to the document and acknowledged the agreement was made without duress or undue influence.  Wife removed her property from the marital residence and moved out.  Wife had signed a separation agreement during a prior divorce and retained counsel.

## ANALYSIS

### I.

"[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain."  Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980) (citation omitted); Derby v. Derby, 8 Va. App. 19, 25, 378 S.E.2d 74, 77 (1989).  Therefore, in this case, wife "had the burden at trial to prove by clear and convincing evidence the grounds

---

[1] We also (a) find no merit to wife's claim that husband's brief is defective because of alleged ethical violations on the part of his counsel and deny her motion seeking sanctions, and (b) deny wife's motion to supplement her reply brief.

alleged to void or rescind the agreement." Drewry v. Drewry, 8 Va. App. 460, 463, 383 S.E.2d 12, 12 (1989).

Wife asserts the trial court should have set aside the agreement as unconscionable.

> [U]nconscionability is more concerned with the intrinsic fairness of the terms of the agreement in relation to all attendant circumstances, including the relationship and duties between the parties. A party may be free of fraud but guilty of overreaching or oppressive conduct in securing an agreement which is so patently unfair that courts of equity may refuse to enforce it.

Derby, 8 Va. App. at 28, 378 S.E.2d at 78. However, "[c]ourts cannot relieve one of the consequences of a contract merely because it was unwise." Owens v. Owens, 196 Va. 966, 974, 86 S.E.2d 181, 186 (1955).

Wife asserts the distribution of assets as outlined in the agreement is grossly disproportionate as husband received "everything of [the parties'] marital property and [wife] g[o]t nothing of it." However, the record reveals the martial residence was purchased by husband prior to the marriage and was titled solely in his name. Although wife asserts she provided the funds for a portion of the down payment for the residence, she provided no documentary evidence to support her contention. Nor did she provide any evidence regarding the value of the residence, or its alleged appreciation during the four-month marriage.

The evidence further demonstrated that wife, contrary to her assertion on appeal, was able to remove all of her belongings from the marital home after the parties' separation.

By its terms, the agreement provides that each party is to keep the separate property owned prior to the marriage. No evidence established that any property was purchased during the marriage. Wife simply failed to prove a gross disparity. "Absent evidence of 'gross disparity in value exchanged' there exists no basis to claim unconscionability; thus in this context consideration whether one party was guilty of overreaching and the other susceptible thereto is unnecessary." Drewry, 8 Va. App. at 473, 383 S.E.2d at 18.

We find no error in the trial court's determination that wife failed to demonstrate the agreement was unconscionable.

## II.

Wife asserts the trial court erred by failing to advise her regarding any adverse legal and procedural consequences of her consent to husband's late-filed cross-bill of complaint.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Wife failed to raise this issue before the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## III.

Wife contends the trial court erred "in granting a final decree of divorce to [husband] on September 1, 2005, and in dismissing [her] complaint for divorce . . . when she and her counsel had no notice of the hearing."

Wife claims she was not properly served notice of the September 1, 2005 hearing on the grounds of divorce and other relief prayed for in the bill of complaint. Wife was not present at the hearing, and the court entered the decree. Thereafter, husband filed a motion to dismiss wife's amended bill of complaint which the court heard on September 16, 2005. On that same date, wife filed a motion alleging she had not been properly served notice of the September 1, 2005 hearing. At the hearing, wife asserted she had not received notice. The court granted husband's motion to dismiss wife's complaint.

Our review of the record reveals nothing to indicate that a copy of the proposed order was delivered to wife. Thus we assume, without deciding, that the court erred by entering the final decree and dismissing wife's amended bill of complaint without wife having received proper

notice. Nevertheless, we find the error harmless. Wife has failed to demonstrate how she was harmed by the alleged error. Wife was present at the September 16, 2005 hearing and was afforded the opportunity at that time to present any argument she could have made at the September 1, 2005 hearing. Accordingly, wife was not prevented from presenting to the court her explanation for why the court should not grant husband a "no-fault divorce."

Because any error in entering the decree without wife having received proper notice was harmless, there is no justification for overturning the court's order. See Williams v. Commonwealth, 4 Va. App. 53, 78-79, 354 S.E.2d 79, 93-94 (1987) (explaining that harmless errors, errors that do not affect the outcome of a case, do not provide a basis for overturning a trial court's finding).

IV.

Wife also contends "this proceeding should be reopened and remanded on the basis of newly discovered evidence showing infidelity and adultery by" husband during the marriage.

Wife failed to present this issue to the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

V.

Husband argues the trial court abused its discretion in failing to award him attorney's fees.

A trial court's decision to award attorney's fees to a party "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)) (internal quotations omitted). We find no abuse of discretion in the trial court's denial of husband's motion for attorney's fees.

- 5 -

## VI.

Upon husband's request, and upon consideration of the entire record in this case, we hold that he is not entitled to attorney's fees for this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.