COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Clements and Senior Judge Annunziata


DAVID G. BATTEN

                                                              MEMORANDUM OPINION[*]
v.        Record No. 0442-07-3                                       PER CURIAM
                                                              SEPTEMBER 4, 2007
JOAN M. BATTEN



FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

(Frankie C. Coyner, on brief), for appellant.

(Paul A. Dryer; Franklin, Denney, Ward & Lawson PLC, on brief),
for appellee.


David G. Batten (husband) appeals a decision of the trial court denying his request for

permanent spousal support and attorney's fees in this divorce action instituted by Joan M. Batten

(wife).  We have reviewed the record and the parties' briefs, and conclude that this appeal is without

merit.  Accordingly, we summarily affirm the trial court's decision.  See Rule 5A:27.

Spousal Support

Husband argues that the trial court erred in finding that the statutory factors set forth in

Code § 20-107.1(E) did not dictate that wife should pay him permanent spousal support.

Husband's argument focuses on the disparity in the parties' income, his physical disability, his

credit card debt related to moving out of the marital residence, and the parties' daughter's higher

education expenses.  While husband points out that his inheritance, valued at nearly $57,000,

was intact at the time of the hearing, he asserts that wife got to keep her 401K and the marital

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

real estate and that she was the one who wanted to terminate the marriage. In addition, he minimizes his alcoholism, in light of parties' past history together.[1]

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002)). "In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). "On appeal, a trial court's decision on this subject will not be reversed 'unless there has been a clear abuse of discretion.'" Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (quoting Northcutt, 39 Va. App. at 196, 571 S.E.2d at 914). Moreover, "[w]here the evidentiary foundation exists and the record discloses that the trial court 'has given due consideration to each of [the statutory] factors,' we will not disturb its determination as to spousal support on appeal." Miller, 44 Va. App. at 679, 607 S.E.2d at 128 (quoting Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983)).

In its December 29, 2006 opinion letter, the trial court recited the evidence adduced by the parties, including evidence of their respective incomes, their health issues, their monetary and

---

[1] The sole issues before the trial court were permanent spousal support and husband's request for attorney's fees. As noted in the final decree, the parties agreed upon the division of their personal property and the real property located at 58 Graham Road, Greenville, Virginia. Husband agreed to allow wife to retain that real property, valued at approximately $150,000 with liens against it totaling approximately $77,000, as her sole and separate property, free of any and all claims by husband. Wife agreed to allow husband to retain as his sole and separate property, free of any and all claims by her, the coin collection valued at approximately $54,543. In addition, husband never requested as part of the divorce proceeding contribution from wife for payment of any credit card debt. Wife's 401K was valued at $16,637.71 on the date of the parties' separation.

negative non-monetary contributions, their property interests, the duration of the marriage, and the circumstances and factors which contributed to the dissolution of the marriage, specifically husband's alcohol abuse and its adverse impact on the marriage. After doing so, the trial court specifically stated that it considered the factors contained in Code § 20-107.1(E), for which evidence was produced, in denying husband's request for permanent spousal support.[2]

We have thoroughly reviewed the record and the trial court's opinion letter and find that it properly considered the statutory factors. Moreover, given the evidence in this case, we cannot find the trial court's denial of husband's request for permanent spousal support to be an abuse of discretion.

### Attorney's Fees

Husband's sole argument in support of his assertion that the trial court abused its discretion in not awarding him attorney's fees is that he should have been awarded such fees because wife told him she wanted the divorce in 2002, and she demanded that husband leave the marital home in 2005. His argument ignores the role he played in the dissolution of the marriage.

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Smith v. Smith, 43 Va. App. 279, 290, 597 S.E.2d 250, 256 (2004) (quoting Kane v. Szymczak, 41 Va. App. 365,

---

[2] The trial court reiterated its consideration of the Code § 20-107.1(E) factors in its final decree as follows:

> On the issue of permanent spousal support requested by [husband], the Court, having carefully and fully considered all of the evidence and exhibits presented herein and upon a full consideration of each and every factor set forth in Section 20-107.1(E) and the evidence relating to each of said factors, and for the reasons set forth in the Court's letter opinion dated December 29, 2006, which is herein incorporated by reference as if set forth verbatim herein, it is hereby ORDERED that [husband] is awarded no permanent spousal support . . . .

375, 585 S.E.2d 349, 354 (2003)).  "'Given the unique equities of each case, our appellate review steers clear of inflexible rules and focuses instead on "reasonableness under all the circumstances."'"  Id. (quoting Kane, 41 Va. App. at 375, 571 S.E.2d at 354).

Here, the court's denial of husband's request for an award of attorney's fees, considered in light of its findings contained in its December 29, 2006 opinion letter, did not constitute an abuse of discretion.

For these reasons, we summarily affirm the trial court's decision.

Affirmed.