COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley
Argued at Fredericksburg, Virginia


REGINALD CONRAD COLLARD

                                              MEMORANDUM OPINION* BY
v.        Record No. 0406-17-4                JUDGE TERESA M. CHAFIN
                                              NOVEMBER 14, 2017
PATRICIA ANN COLLINS


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Jon D. Huddleston (Sevila, Saunders, Huddleston & White, P.C., on
brief), for appellant.

Patricia Ann Collins, *pro se*.


On December 2, 2016, the Circuit Court of Loudoun County entered a final decree of

divorce dissolving the marriage of Patricia Ann Collins and Reginald Conrad Collard. In the

final decree, the circuit court ordered Collard to pay Collins $2,625 per month in spousal

support. Collard challenges the circuit court's spousal support decision on appeal. He contends

that the circuit court erred by awarding Collins spousal support in the absence of any evidence

establishing his income or his ability to pay the support at issue. He also argues that the circuit

court erred by relying on his payment of certain expenses pursuant to a *pendente lite* order to

determine that he had the ability to pay spousal support and to establish the amount of the

spousal support award. For the reasons that follow, we agree with Collard's arguments and

reverse the circuit court's spousal support decision.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the evidence is as follows.

Collins and Collard were married on August 27, 1999. They separated sometime in July of 2012. On September 10, 2015, Collins filed a complaint for divorce and requested, among other things, for the circuit court to award her both *pendente lite* and permanent spousal support.[1] She filed a separate motion for *pendente lite* spousal support on September 15, 2015. Collard filed a cross-complaint for divorce on October 8, 2015.

On January 6, 2016, the circuit court entered a consent order addressing Collins's request for *pendente lite* relief. In pertinent part, that order obligated Collard to make certain monthly payments on behalf of Collins. Specifically, Collard was required to pay Collins's rent, electric bill, DirecTV bill, car loan payment, and car insurance payment. The *pendente lite* order, however, expressly stated that these payments were not intended to be construed as spousal support payments and that "no spousal support . . . shall be paid between the parties." Pursuant to Code § 20-103(E), the order also stated that its terms had "no presumptive effect" and that it was not "determinative when adjudicating the underlying cause."

The circuit court held a hearing on the parties' divorce complaints on October 20, 2016. Although Collins was initially represented by counsel in this matter, she proceeded at the hearing *pro se*. At the hearing, Collins attempted to present her evidence by submitting a folder of documents to the circuit court. These documents included a written narrative of Collins's

---

[1] Collins filed an amended complaint on May 23, 2016, and again requested *pendente lite* and permanent spousal support.

intended testimony, a document setting forth her monthly income and expenses, financial documents, and various bills. The majority of these documents were admitted into evidence.

The evidence presented by Collins focused exclusively on her needs and circumstances. It established her income, expenses, and employment capacity. The evidence, however, failed to establish the current financial circumstances of Collard. Notably, Collins failed to present any evidence establishing Collard's income or his ability to pay spousal support. While Collard presented evidence to establish the statutory requirements for his divorce, he did not present evidence regarding his income or financial circumstances.

At the conclusion of evidence, Collins requested the circuit court to award her spousal support in the amount of $6,500 per month. Collard argued that Collins had failed to present any evidence establishing his ability to pay spousal support, and asked the circuit court to deny Collins's request on that basis.

The circuit court acknowledged that the parties had presented "limited" evidence pertaining to their financial resources, and expressly recognized that neither party presented any evidence establishing Collard's income. The circuit court, however, noted that Collard had previously made payments to Collins pursuant to the *pendente lite* order. As Collard had failed to present any evidence establishing that he could not continue to make these payments, the circuit court awarded Collins spousal support in the amount of $2,625 per month, an amount equivalent to Collard's *pendente lite* payments. The circuit court also granted the parties a divorce and divided their property and debt. Collard objected to the circuit court's spousal support decision, and this appeal followed.

## II. ANALYSIS

On appeal, Collard argues that the circuit court erred by awarding Collins spousal support based on the evidence presented in this case. Collard contends that the evidence failed to

establish his income or his ability to pay the spousal support award at issue. Collard also contends that the circuit court erred by relying on the payments he made pursuant to the *pendente lite* order to presume that he had the ability to pay spousal support and to set the amount of his spousal support obligation. We agree with Collard's arguments.

## A. THE SPOUSAL SUPPORT AWARD

"When making an award of spousal support, the trial court must consider all the factors enumerated in Code § 20-107.1(E) and set forth findings or conclusions identifying the statutory factors supporting that award." Andrews v. Creacey, 56 Va. App. 606, 634, 696 S.E.2d 218, 231 (2010). "A party seeking spousal support bears the burden of proving all facts necessary for an award . . . ." Robbins v. Robbins, 48 Va. App. 466, 484, 632 S.E.2d 615, 624 (2006).

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (quoting Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002)). "On appeal, a trial court's decision on this subject will not be reversed 'unless there has been a clear abuse of discretion.'" Id. "An abuse of discretion . . . exists if the trial court fails to consider the statutory factors required to be part of the decisionmaking process, or makes factual findings that are plainly wrong or without evidence to support them." Id. at 262, 578 S.E.2d at 836-37 (citations omitted).

Code § 20-107.1(E) required the circuit court to consider Collard's ability to pay spousal support before it awarded spousal support to Collins. Specifically, Code § 20-107.1(E)(1) required the circuit court to consider "[t]he obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature." While the circuit court concluded that Collard had the ability to meet his spousal support obligation, this decision was not supported by the evidence presented in this case.

- 4 -

In the present case, Collins failed to present any evidence establishing Collard's income or his ability to pay the spousal support award at issue. All of the evidence that Collins presented focused on her own financial needs, and the evidence presented by Collard did not address his financial circumstances or ability to pay spousal support. Although the evidence established that Collard owned a construction business, Collins did not provide any evidence regarding Collard's income or the financial condition of his business.[2]

Under these circumstances, we conclude that the circuit court abused its discretion by awarding spousal support to Collins. The circuit court's determination that Collard had the ability to pay the spousal support award at issue was not supported by the evidence. Accordingly, we reverse the circuit court's spousal support decision.

While we acknowledge that the circuit court based its spousal support decision on the payments that Collard made pursuant to the *pendente lite* order, we conclude that its reliance on the *pendente lite* payments was improper for several reasons.

First, the *pendente lite* order had no presumptive effect on the circuit court's determination of the final spousal support award. Pursuant to Code § 20-103(E) and the express terms of the *pendente lite* order, the *pendente lite* order was not determinative in the adjudication of the spousal support issue. See Code § 20-103(E) ("An order entered pursuant to this section shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause."). Thus, the circuit court erred by relying on the *pendente lite* order to establish a presumptive amount of Collins's spousal support award.

---

[2] The evidence established that Collard lived with his daughter and that they split their rent and other household bills. The evidence further established that Collard and Collins had declared bankruptcy twice during their marriage. The circuit court acknowledged that both parties had "limited financial resources."

Second, the determination of a *pendente lite* spousal support award and the determination of a final spousal support award involve the consideration of different circumstances.

> Code § 20-107.1 contains nine factors which the court must consider in awarding spousal support upon dissolution of a marriage. Code § 20-103 requires no such considerations, except that such sums awarded are "necessary for the maintenance and support of the petitioning spouse" or "to enable such spouse to carry on the suit." *Pendente lite* support may be awarded irrespective of the spouse's right to receive support following the dissolution of the marriage. Spousal support awards under Code § 20-107.1 may also exceed what is "necessary" to maintain the spouse as the term is used in Code § 20-103. Thus, *an award of Code § 20-107.1 spousal support made pursuant to Code § 20-103 criteria would be erroneous* as would an award of Code § 20-103 *pendente lite* support based upon the criteria of Code § 20-107.1.

Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903-04, 407 S.E.2d 37, 40 (1991) (emphasis added).

Third, and most importantly, the *pendente lite* spousal support award did not reflect Collard's present ability to pay the spousal support award at issue. The *pendente lite* award was entered on January 6, 2016, over ten months before the circuit court made its spousal support decision in this case. Numerous circumstances could have changed between the entry of the *pendente lite* order and the final spousal support decision, and Collard's ability to pay may have changed drastically. Thus, in the absence of additional evidence pertaining to Collard's current financial condition, the *pendente lite* order and the payments made pursuant to it failed to establish Collard's continued ability to pay spousal support.

Pursuant to Code § 20-107.1(E), a party requesting spousal support must present evidence establishing the opposing party's ability to pay a spousal support award. See Robbins, 48 Va. App. at 484, 632 S.E.2d at 624. In the present case, Collins failed to present any evidence beyond the *pendente lite* order to establish Collard's financial circumstances. In the absence of *any* additional evidence establishing Collard's present ability to pay the spousal support award at

issue, we conclude that the spousal support award was not adequately supported by the evidence and we reverse the circuit court's decision on that basis.

## B. ATTORNEY'S FEES

Collard has requested the award of appellate attorney's fees and the costs of the appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

We conclude that an award of costs and attorney's fees is not appropriate under the circumstances of this case. Accordingly, we deny Collard's request.

## III. CONCLUSION

In summary, we conclude that the evidence presented by Collins failed to establish Collard's ability to pay the spousal support award at issue. We also conclude that the circuit court erred by awarding Collins spousal support based on the terms of the *pendente lite* order. Therefore, we reverse the circuit court's spousal support decision and remand this case to the circuit court for the entry of an order consistent with this opinion. We also deny Collard's request for costs and attorney's fees.

Reversed and remanded.